# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FLORETTA HARDMON,
               Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
AT-0752-17-0589-I-1

DATE: January 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Floretta Hardmon, Fairburn, Georgia, pro se.

Karen L. Mulcahy, Esquire, Bay Pines, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction without holding the requested hearing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      On June 20, 2017, the appellant filed an appeal with the Board asserting that her September 9, 2016 retirement from her GS-15 Director, Executive Management and Communications position was involuntary.  Initial Appeal File (IAF), Tab 1, Tab 5 at 4.  According to the appellant, she was forced to retire due to a hostile work environment that impacted her overall health.[2]  IAF, Tab 1 at 4.

¶3      The administrative judge acknowledged the appeal, noted that resignations and retirements are presumed to be voluntary and consequently not within the Board's jurisdiction, and ordered the appellant to file evidence and argument establishing that the appeal was within the Board's jurisdiction.  IAF, Tab 2 at 2-3.  After the appellant failed to respond to the order, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without

[2] In her initial appeal form, the appellant also indicated that she was appealing a retirement decision from the Office of Personnel Management (OPM) dated January 20, 2017.  IAF, Tab 1 at 3.  However, she has failed to provide such a decision from OPM or indicate elsewhere in her appeal that she intended to appeal such a decision.  Given this, and her indications that she intended to appeal her allegedly involuntary retirement, we find that the appellant did not intend to appeal an OPM decision regarding her retirement.

holding the requested hearing.  IAF, Tab 7, Initial Decision (ID) at 1-4; IAF, Tab 1 at 2.

¶4    On review, the appellant asserts that she believed that she attached details of her complaint below but inadvertently omitted them.  Petition for Review (PFR) File, Tab 3 at 5.  Generally, the Board will decline to consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 19 n.12 (2016); 5 C.F.R. § 1201.115(d).  Although the appellant has failed to make such a showing here, we nonetheless consider the evidence and argument submitted on review and find that it does not establish a basis for granting the petition.

¶5    An employee's retirement is presumed to be a voluntary action and, as such, is not within the Board's jurisdiction.  *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010).  An involuntary retirement, however, is tantamount to a removal and, accordingly, is appealable to the Board.  *Id*.  The presumption that a retirement is voluntary can be rebutted by evidence showing that the retirement was the result of agency misrepresentation, coercion, or duress.[3]  *Id*.

¶6    The appellant bears the burden of proving by preponderant evidence that the matter she is appealing is within the Board's authority to review.  *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 11, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).  If the appellant makes a nonfrivolous allegation that the matter is within the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction.  *Id*.  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).  An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual

---

[3] The terms coercion and duress have been used interchangeably by the Board.  *See Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 6 (2002); *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-21 (1995); *Collins v. Defense Logistics Agency*, 55 M.S.P.R. 185, 188 (1992), *modified on other grounds by Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329-30 (1994).

makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id.*

¶7        Here, the appellant indicates that her retirement was the result of coercion rather than misrepresentation. PFR File, Tab 3 at 17-18. Accordingly, she is only entitled to a hearing if she makes an allegation of fact that, if proven, could establish that the agency coerced her retirement. *See Brown*, 115 M.S.P.R. 609, ¶ 11. For the following reasons, we find that the appellant failed to make a nonfrivolous allegation that her retirement is an action within the Board's jurisdiction.

¶8        To establish coercion, "an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). If an employee's working conditions are so intolerable that the employee is forced to retire, the employee's retirement is involuntary and constitutes a constructive removal. *See Brown*, 115 M.S.P.R. 609, ¶ 10. The issue is whether, considering the totality of the circumstances, the employee's working conditions were made so difficult that a reasonable person in the employee's position would have felt compelled to retire. *See id*. In making this determination, the Board will consider allegations of discrimination and reprisal only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Id*.

¶9        Here, the most significant allegations of intolerable working conditions raised by the appellant include the following: (1) in January 2016, her white, male supervisor stated she "belonged" to him; (2) on March 14, 2016, her supervisor falsely accused her of knowingly mailing letters to hundreds, perhaps thousands, of deceased veterans; and (3) on August 2, 2016, the agency decided to suspend her for 14 days based on false allegations. PFR File, Tab 3 at 17-18,

Tab 6 at 4-7, 48. She alleges that she was subjected to a hostile work environment because she is Black, as well as on the bases of her sex, age, and prior opposition to discrimination. PFR File, Tab 3 at 17.

¶10 It is axiomatic that a Federal employee is not guaranteed a stress-free working environment free from difficulties and unpleasantness. *Brown*, 115 M.S.P.R. 609, ¶ 15; *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Regarding the appellant's contention that her supervisor stated she "belonged" to him, the Board has held that an employee's perception that she was subjected to slights by a supervisor does not render her working environment intolerable. *See Loredo v. Department of the Treasury*, 118 M.S.P.R. 686, ¶ 8 (2012) (finding that her supervisor's religious slurs did not render the appellant's working conditions intolerable). The Board also has held that feelings of being unfairly criticized at work do not render a workplace so intolerable that a reasonable person would be compelled to separate from the agency. *Brown*, 115 M.S.P.R. 609, ¶ 15; *Miller*, 85 M.S.P.R. 310, ¶ 32. Thus, the appellant's claims that she was falsely accused of inappropriate conduct does not render her decision to retire involuntary. Likewise, the Board has held that the fact that an employee faced the unpleasant alternatives between retiring and opposing a potential removal did not render the retirement involuntary. *Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 6 (2015). Thus, the appellant's unpleasant alternatives between retiring or contesting the 14-day suspension do not render her retirement involuntary.

¶11 Finally, regarding the appellant's discrimination claims, the appellant filed an equal employment opportunity (EEO) complaint with the agency on June 23, 2016, raising, among other things, the proposed suspension, which led to the 14-day suspension mentioned above. *Hardmon v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-17-0686-W-1, Initial Appeal File, Tab 1

at 27.[4]  In *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009), the appellant had similarly filed EEO complaints in the months before his allegedly involuntary resignation, and the Board found that he failed to prove that the agency was handling the complaints inequitably and that he thus had the option to challenge the alleged discrimination, harassment, and retaliation rather than resign.  Here, the appellant has not alleged, and the record does not indicate, that the agency was handling her EEO complaint inequitably.  Thus, as in *Axsom*, the appellant had the option to challenge the alleged discrimination rather than retire.

¶12      Also significant to the Board's involuntariness analysis is the existence of time pressure to make a decision regarding whether to retire.  *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 10 (2007).  Here, on March 29, 2016, the appellant submitted a request to retire on December 31, 2016.  PFR File, Tab 8 at 17-18.  On June 14, 2016, she updated her request so that she could retire on September 30, 2016.  *Id*. at 16.  On August 15, 2016, she indicated that she wanted to retire as soon as possible.  *Id*. at 12-13.  After being informed that the earliest she could retire was September 9, 2016, she decided to retire on that date.  *Id*. at 11-12.  The appellant does not suggest that the agency proposed that she retire, and it appears that the decision to retire was entirely initiated by the appellant.  This fact further supports our finding that the appellant's retirement was not involuntary.  *See Brown*, 115 M.S.P.R. 609, ¶ 15 (noting that the decision to retire was "entirely self-initiated," in finding that a retirement was not involuntary).

¶13      In sum, for the reasons stated above, we find that the appellant's allegations, even if proven, would not establish that the agency coerced her into

---

[4] The Board may take official notice of matters that can be verified, including documents or actions in other Board appeals.  *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 5 n.4 (2010).

retiring. Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must _receive_ your petition for review within **60 days** of _the date of issuance_ of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.